UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-4025-SNOW

UNITED STATES OF AMERICA,          :

    Plaintiff,          :

v.          :

DERRICK ANDERSON, et al.,          :

    Defendants.          :



### DETENTION ORDER

Pursuant to 18 U.S.C. § 3142(f), on February 11, 2000, a hearing was held to determine whether the defendant **Richardo James** should be detained prior to trial. Having considered the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that no condition or combination of conditions will reasonably assure the appearance of this defendant as required and/or the safety of any other person and the community. Therefore, it is hereby ordered that the defendant **Richardo James** be detained prior to trial and until the conclusion thereof.

In accordance with the provisions of 18 U.S.C. § 3142(i), the Court hereby makes the following findings of fact and statement of reasons for the detention:

    1.  The defendant is charged with conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846.

Therefore, the defendant is charged with an offense involving a narcotic drug. 18 U.S.C. § 3142(g)(1).

2. The weight of the evidence against the defendant is substantial. Government witnesses will testify that the defendant and others conspired to purchase eight kilograms of cocaine from a confidential source (CS) of the Drug Enforcement Administration. On February 4, 2000, the CS negotiated the terms of the deal with co-defendant Derrick Anderson, who led the CS to a parked car where the defendant was seated. Later in the day, the defendant spoke to the CS on the telephone regarding the timing of the transaction. Shortly thereafter, the defendant drove to the designated meeting place, and showed the CS the money ($54,000 in cash in a bag on the floor near the front passenger seat of the car).

The defendant was placed under arrest and advised of his rights. He stated that Anderson asked him to travel with him to Florida because the defendant knew the area. The defendant knew they were picking up something, which he assumed would be something illegal. According to the defendant, he had not seen the money until just prior to meeting with the CS, and did not know it was to be used to buy cocaine. 18 U.S.C. § 3142(g)(2).

3. The pertinent history and characteristics of the defendant are that he is a native of Panama, and a naturalized citizen of the United States. The defendant does not have a stable permanent address, moving between Virginia and New York. The defendant owns no real property or other assets, and has $95,000 in

medical and credit card debts. He also supports three children in three states.

The defendant's mother and sister reside in Panama, and the defendant has visited that country within the past two years. Owing to his ties to Panama and minimal ties to any community in the United States, he must be deemed a risk of flight. 18 U.S.C. § 3142(g)(3)(A) and (B).

4. There is probable cause to believe the defendant conspired to possess with intent to distribute a substantial quantity of cocaine, an offense punishable by more than three years under the Controlled Substances Act, 21 U.S.C. § 801, et seq. Accordingly, the defendant constitutes a danger to the community. 18 U.S.C. § 3142(g)(4).

5. The Court specifically finds that there are no conditions or combination of conditions which reasonably will assure the defendant's appearance as required and/or the safety of any other person and the community. 18 U.S.C. § 3142(e).

Based upon the above findings of fact, which were supported by clear and convincing evidence, the Court has concluded that this defendant presents a danger to the community, and there is a substantial likelihood that he would flee if released prior to trial. The Court hereby directs:

(a) That the defendant be committed to the custody of the Attorney General for confinement in a corrections facility

separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

(b) That the defendant be afforded reasonable opportunity for private consultation with counsel; and

(c) That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED at Fort Lauderdale, Florida, this 11th day of February, 2000.

_____
LURANA S. SNOW
CHIEF UNITED STATES MAGISTRATE JUDGE

Copies to:

AUSA Terry Thompson (FTL)
Pretrial Services (FTL)
Alvin Entin, Esq.

4