UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 00-6040-CR-ZLOCH/SELTZER

UNITED STATES OF AMERICA

   Plaintiff,

v.

DERRICK ANDERSON,
RICHARD JAMES and
DAIREL WORRELL,

   Defendants.
_____/



GOVERNMENT'S RESPONSE TO
THE STANDING DISCOVERY ORDER

   The United States of America, in response to the Standing Discovery Order issued in this case, states as follows:

   A.  1.  The government is unaware of any written or recorded statements made by the defendants with exception of the four audio tapes made during the course of the investigation of this case. Copies of the tape recordings accompany this response. Transcripts of the tape recordings should be completed within one week.

       2.  That portion of the written record containing the substance of the oral, post-arrest statement made by defendant Richardo James in response to interrogation by any person then known to be a government agent is attached.  Each defendant is being provided a copy of his personal history statement.

       3.  The defendants did not testify before the grand jury.

4. Derrick Anderson and Richardo James do not have criminal histories. A copy of James Worrell's criminal history is being attached for his counsel.

5. Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained from or belonging to the defendants, may be inspected and copied by making an appointment with the undersigned. Some items are attached. An inventory of those items is attached.

6. The laboratory analysis report regarding the cocaine in connection with this case will be provided upon receipt by the undersigned.

B. The United States requests the discovery and production of those items described and listed in paragraph B of the Standing Discovery Order, and as provided by Federal Rule of Criminal Procedure 16(b).

C. The United States is unaware of any information or material which may be favorable to the defendant on the issues of guilt or punishment within the scope of <u>Brady</u> v. <u>Maryland</u>, 373 U.S. 83 (1963) or <u>United States</u> v. <u>Agurs</u>, 427 U.S. 97 (1976).

D. The government will disclose any records of payments, promises of immunity, leniency, or preferential treatment, made to prospective government witnesses, within the scope of <u>United States</u> v. <u>Giglio</u>, 405 U.S. 150 (1972) and <u>Napue</u> v. <u>Illinois</u>, 360 U.S. 264 (1959).

E. The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial. Such information will be disclosed in advance of trial.

F. The defendants were not identified in a lineup, showup, photo spread or similar identification procedure.

G. The government agents and officers involved in this case have been advised to preserve all rough notes they may have taken.

H. Any evidence made available for inspection may be offered in the government's case in chief under Federal Rule of Evidence 404(b) or otherwise.

I. The defendants are not aggrieved persons as defined in Title 18, United States Code, Section 2510(11), that is, the defendant was not a party to any intercepted wire or oral communication or persons against whom the interception was

directed.

    J.   The United States has ordered transcripts of the grand jury testimony of all witnesses who will testify for the government at the trial of this case. The transcripts will be provided as required by Title 18, United States Code, Section 3500.

    K.   The cocaine involved in this case is currently located at the Drug Enforcement Administration Southeast laboratory in Miami, Florida. The United States will, upon request, deliver to a chemist selected by the defense, who is presently registered with the Attorney General in compliance with Title 21, United States Code, Sections 822 and 823, and 21 C.F.R. Section 101.22(8), a sufficient representative sample of any alleged controlled substance which is the subject of this indictment, to allow independent chemical analysis of such sample.

    L.   If you wish to inspect automobiles used in the commission of the alleged offenses, please contact the undersigned.

Security requirements mandate strict compliance with the procedures established for the granting of access for inspection of seized vehicles.

Accordingly, the United States Attorney's Office cannot process last-minute requests for inspection. In order to meet security requirements, all requests to inspect seized automobiles must be received by the AUSA handling the case on or before fifteen (15) days from the date of Certificate of Service attached hereto.

If you anticipate that this deadline may create a problem for you or your client, please promptly send written notice to the appropriate AUSA. The United States intends to return the automobiles to the designated representatives of the defendants.

    M.   Latent fingerprints have not been recovered in this case.

    N.   To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial.

    O.   The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial.

    P.   In addition to the request made above by the government pursuant to Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, the government

hereby demands Notice of Alibi defense; the approximate times, dates, and place of the offenses were:

    Time:   7:30-7:40 p.m.
    Date:   February 4, 2000
    Place: 2440 NW 62nd Street, Fort Lauderdale, FL

Respectfully submitted,

THOMAS E. SCOTT
UNITED STATES ATTORNEY

By: _____
TERRENCE J. THOMPSON
Assistant United States Attorney
Court No. A5500063
500 E. Broward Blvd., Suite 700
Fort Lauderdale, Florida  33301
(954) 356-7306
(954) 356-7228 (facsimile)
Terrence.Thompson@justice.usdoj.gov

## ATTACHMENTS

Report of Richardo James' post-arrest statement

Rights advisement and waiver form (James)

Criminal history (Worrell)

Personal history statements

Cashier's check ($58,250)

DEA-7a reports (11 pages)

Cassette tapes (4)

CERTIFICATE OF SERVICE

I hereby certify that a copy of this Government's Response to Standing Discovery Order was served this <u>3rd</u> day of March, 2000, upon: Gary Kollin, Esq., 8211 W. Broward Blvd., Suite 420, For Lauderdale, FL. 33324-2741; Alvin Entin, Esq., 200 E. Broward Blvd., Suite 1210, Fort Lauderdale, 33301-1908; and Kenneth Hassett, 201 Sevilla Avenue, Suite 202, Coral Gables, FL 33134-6616.

                                         TERRENCE J. THOMPSON
                                         ASSISTANT UNITED STATES ATTORNEY